IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACQUELYN STEWART; Individually, and on behalf
of All Others Similarly Situated Who Consent
to Their Inclusion in a Collective Action;

        Plaintiff,

v.                                                Case No.:

ENHANCED RECOVERY COMPANY, LLC.,
A Foreign Limited Liability Corporation;

        Defendant,
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACQUELYN STEWART, individually, and on behalf of All Others Similarly Situated Who Consent to Their Inclusion in a Collective Action, hereby files this Complaint against Defendant, ENHANCED RECOVERY COMPANY, LLC. (hereinafter referred to as "ERC"), a Foreign Limited Liability Corporation, and alleges as follows:

### INTRODUCTION

1.    Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, on behalf of herself, and on behalf of others similarly situated: current and former hourly non-exempt employees of ERC working under various job titles, all performing collections and customer service type duties under various job titles.[1]

---

[1] In this pleading, the term Collection Employee means any non-exempt, hourly paid employee who is or was employed by the Defendant to contact borrowers and attempt to collect debts, discuss debts, or to confirm debts, working under the titles of: Collections Rep, Collections Agent, Customer Service Rep, negotiator, correspondent agent, collector or any other title or position where employees perform similar job duties.

2. Plaintiff seeks to represent a collective class of non-exempt employees who were denied overtime compensation as a result of Defendant's unlawful pay practices and unlawful policies of suffering hourly, non-exempt employees to work "off-the-clock", and failing to properly pay and calculate overtime wages at a rate of time and one half the employees regular rate of pay, even when paying employees overtime wages.

3. Plaintiff, and similarly situated employees are, and at all times relevant, were non-exempt employees under the FLSA as they were performing non-exempt office work. They regularly worked in excess of 40 hours per week and were not paid overtime wages for some or all of their work, and even when paid overtime, were not properly paid time and one half their regular rates of pay. Plaintiff, and the class of similarly situated employees have suffered damages as a consequence.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 215(a)(3) because this action involves a federal question under the Fair Labor Standards Act.

5. Venue is appropriate here in the Jacksonville Divsion of the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because the Defendants conduct business in Jacksonville and the acts complained of occurred in Jacksonville, Florida, as they took place at the Defendant's business located at 8014 Bayberry Road, Jacksonville, Florida 32256.

6. Plaintiff is a resident of Jacksonville, Duval County, Florida.

7. ERC provides collection services and operates throughout the United States, including offices in Jacksonville, Florida, two offices in Iowa, Illinois, and two offices in South Dakota.

8. At all times material hereto, ERC was the Plaintiff's' "employer" as defined pursuant to the FLSA (29 U.S.C. § 203(e)(1)) and the FWPA.

9. All conditions precedent to the filing of this action have been performed.

## THE PARTIES

### The Representative Plaintiff

10. Plaintiff, JACQUELYN STEWART, is a resident of Duval County, Florida. Stewart was hired in December, 2012 as a Collections Representative, last working under the title of Correspondent agent. Stewart's primary job duty was to contact debtors and discuss the debts owed, and confirm the amounts and whether the debtors wished to dispute the amount of money owed as part of the collection efforts.

11. At all times material hereto, Stewart was a non-exempt employee paid on an hourly wage basis.

### The PROPOSED PUTATIVE CLASS:

"All present and former hourly, non-exempt employees working for ERC, LLC under various job titles performing collections type job duties and services under such job titles as: collection agent, collections representative, negotiator, collector, customer service representative, and correspondent agent, who were employed at any time by ERC during the period of July, 2012 to the present."

### The Defendant

12. Defendant, Enhanced Recovery Company LLC., is a foreign corporation duly licensed to do business in the State of Florida; with a principal office located at 8014 Bayberry Road, Jacksonville, Florida 32256.

13. ERC is a financial services company that provides national debt collection services to its clients who have customers located in most if not all of the all fifty (50) states.

14. ERC employs hundreds of hourly Collection employees and other related collection service employees under various titles such as customer service and correspondent agents at their offices located in Jacksonville, Florida, Waycoss, Georgia and several other office locations, and, upon information and belief likewise has 300 or more such employees in its offices. Upon information and belief, the number of hourly, non-exempt collection employees is upwards of 1,200 persons employed with the relevant three year class period.

## COVERAGE UNDER THE FLSA

15. Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, Defendant is subject to the FLSA.

16. During the times relevant to this Complaint, Enhanced Recovery Company, LLC employed more than two employees and has generated more than $500,000.00 in revenues for the years of 2012, 2013 and 2014.

17. At all relevant times Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

18. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d). *See also Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

19. Defendant employed Plaintiff as an employee within the meaning of the FLSA §203.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

20. This collective action includes all employees similarly situated to Plaintiff, performing some or all of the duties of a non-exempt Collection employee, however variously titled, at any location or facility of ERC who worked in excess of forty (40) hours per workweek in one or more workweeks on or after July, 2012 and who did not receive time and one half the employee's regular rate of pay for all hours worked over 40 in a workweek as a result of the following unlawful pay practices: (a) Defendant's failure to accurately track and compensate Collection employees for all of their overtime hours; (b) Defendant's *de facto* off the clock overtime policy which permitted and encouraged Collectors and hourly non-exempt employees to work off-the-clock; (c) Defendant's payment of only "straight time" or the employee's regular based hourly rate of pay for the overtime hours; and (d) Defendant's failing to include non-discretionary incentive awards such as commissions or bonuses in the calculation of the employees' overtime wages. (collectively, the "Putative Class").

21. At all times material hereto, Plaintiff and similarly situated Collectors in the Putative Class were performing their duties for the benefit of and on behalf of ERC.

22. During the three (3) year statute of limitations period between July 2012 including the present, Plaintiff and the other similarly situated current and former Collectors and hourly non-exempt employees of the Putative Class regularly worked in excess of forty (40) hours per week.

23. At all material times to this Complaint, ERC utilized policies and/or practices of deducting "non-productive" hours from Collector's time records and thereby reducing the Collection employee's overtime compensation.

24. At all material times to this Complaint, ERC utilized policies and/or practices of requiring hourly employees to work off-the-clock without overtime compensation, effectivelly

telling such employees that they could and should work overtime with their knowledge, but making it known that they would not pay for the hours worked.

25. Many of the Collection employees specifically had quotas and received commissions and as such, it was in their best interest to work overtime regardless of whether the Defendant would pay them for the hours.

26. At all material times to this Complaint, ERC utilized policies and/or practices of permitting and suffering hourly, non-exempt employees, including collection employees to work off-the-clock without overtime compensation.

27. Plaintiffs and similarly situated collection employees were encouraged and permitted to work off-the-clock in order to meet incentive award benchmarks.

28. At all material times to this Complaint, ERC utilized policies and/or practices of failing to include non-discretionary incentive awards in the calculation of the hourly employees' overtime compensation.

29. At all material times to this Complaint, ERC utilized policies and/or practices of failing to accurately record the employees' compensable working hours, specifically the work hours at the end of their shift after the employees had been mandated to clock out or alternatively, editing the time records to wipe out any overtime hours incurred by the employees after their shift had ended.

30. Plaintiff and similarly situated collection employees of the Putative Class were not paid their proper overtime compensation for all of the actual overtime hours worked. Defendant willfully violated the FLSA by paying Plaintiff and the collection employees straight time in lieu of time and one half their regular rates of pay for overtime hours worked.

31. During the weeks Plaintiff worked beyond 40 hours in a work week, she was only paid her base hourly rate and not time and one half her regular rate of pay. Plaintiff confronted management about this shortage of pay but was given an explanation instead of payment of the overtime wages owed.

32. Upon information and belief, the records of the compensation actually paid, or not paid to Plaintiff and similarly situated Collection employees are in in the possession, custody and control of ERC.

## COUNT I
## VIOLATION OF THE FLSA (29 U.S.C. § 207)

33. Plaintiff readopt and reallege paragraphs one (1) through thirty-two (32) as if fully set forth herein verbatim.

34. Plaintiff, and the proposed class of similarly situated employees, are entitled to be paid their overtime hours at a rate of pay of time and one half their regular rates of pay for each and every hour worked as non-exempt employee during the three (3) year statute of limitations period between July 2012 and the date this filing, and for any overtime hours incurred thereafter.

35. All similarly situated Collection employees in the Putative Class are likewise entitled to be paid their federally mandated overtime rate for each overtime hour that they worked and were not properly paid, plus an equal sum in liqudiated damages.

36. Defendant's actions were intentional, willful and unlawful for all of its pay practices and ovetime wage violations.

37. By reason of Defendant's intentional, willful and unlawful acts, the Plaintiff and the Putative class of similarly situated Collection employees have suffered and continue to suffer damages.

38. Due to Defendant's willful FLSA violations, Plaintiff Stewart, and the class of similarly situated Collection employees of the Putative Class are entitled to recover from Defendant the unpaid overtime compensation owed, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of all similarly situated Collection employees who opt into this action, requests the following relief:

a. An ORDER declaring that the practices complained of herein are unlawful under the FLSA;

b. Conditional Certification of this action as a collective action brought pursuant to 29 U.S.C §216(b);

c. Designation of Plaintiff Stewart as representative of the FLSA Collective Action on behalf of the Putative Class of Collection employees;

d. That Plaintiff be allowed to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Collection employees during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance by Court supervised notice;

e. That the Court find the Defendant's violations of the FLSA were willful;

f. That the Court award the Plaintiff and all similarly situated employees, overtime compensation for previous hours worked in excess of forty (40), for any given week during the past three (3) years in amounts to be determined at trial, AND liquidated damages of an equal amount to the unpaid overtime compensation;

g. Costs of action incurred herein, including expert fees;

h.  Attorney's fees, including fees pursuant to 29 U.S.C. §216 and other applicable statutes;

i.  Pre-judgment and post-judgment interest as provided by law; AND

j.  Any other legal and equitable relief as this Court may deem appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

*/s/ Mitchell L. Feldman, Esq.*
MITCHELL L. FELDMAN, ESQUIRE
Florida Bar 0080349
**Feldman Law Group PA**
1715 N. Westshore Blvd., suite #400
Tampa, Florida 33607
(p) 813-639-9366
(f) 813-639-9376
Email:mfeldman@ffmlawgroup.com