**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JACQUELYN STEWART, individually and
on behalf of all others similarly situated who
consent to their inclusion in a collective action,

                Plaintiffs,

vs.                                        Case No. 3:15-cv-921-J-34JRK

ENHANCED RECOVERY COMPANY, LLC,
a foreign limited liability corporation,

                Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion for Approval of Settlement and Request for Dismissal with Prejudice (Doc. No. 21; "Motion"), filed December 11, 2015. In the Motion, the parties seek the Court's approval of their settlement agreement, and they request that this case be dismissed with prejudice. Motion at 1. The Motion was referred to the undersigned for a report and recommendation on December 14, 2015 in accordance with paragraph six of the Court's FLSA Scheduling Order (Doc. No. 3).

On July 27, 2015, Plaintiff Jacquelyn Stewart brought this collective action for recovery of overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). Collective Action Complaint and Demand for Jury Trial (Doc. No. 1;

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

"Complaint" or "Compl."). Plaintiff's employment for Defendant began in December 2012, when she worked "as a Collections Representative," and her "primary job duty was to contact debtors and discuss the debts owed, and confirm the amounts and whether the debtors wished to dispute the amount of money owed as part of the collection efforts." Compl. at 3 ¶ 10. Plaintiff alleges that Defendant failed to pay her and others similarly situated for all overtime hours worked, allegedly due to the following:

> (a) Defendant's failure to accurately track and compensate Collection employees for all of their overtime hours; (b) Defendant's de facto off the clock overtime policy which permitted and encouraged Collectors and hourly non-exempt employees to work off-the-clock; (c) Defendant's payment of only 'straight time' or the employee's regular based hourly rate of pay for the overtime hours; and (d) Defendant's failing to include non-discretionary incentive awards such as commissions or bonuses in the calculation of the employees' overtime wages.

Id. at 5 ¶ 20.

After the Complaint was filed, the following six individuals consented to join in the collective action: Infinity Thompson, Deitre D. Jackson, Sharnell Crews, Latara Griffin, Ruth Naomi Woolridge, Malorie Perdue. See Consents to Join Collective Action, Claim Wages and Toll Statute of Limitations (Doc. Nos. 8, 9, 13, 14, 17, 18). They have all settled their FLSA claims against Defendant. See Motion at 1-2; Motion Ex. 2 (Doc. No. 21-2; "Settlement Agreements").[2] The parties seek the Court's approval of their Settlement Agreements, and they request that this case be dismissed with prejudice. Id. at 1, 5, 15.

In a FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable

---

[2] All page numbers in citations to the Settlement Agreements refer to the page numbers assigned by the Court's Electronic Case Filing System.

resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

The parties indicate in the Motion that they participated in a joint settlement conference on October 21, 2015, and they "exchanged limited discovery regarding time and payroll information." Motion at 3. According to the Motion, while Plaintiffs "believe that their claims have merit," Defendant "continues to deny" the claims, id. at 2, and a number of issues remain in dispute, including whether Plaintiffs actually worked more than forty hours per week and whether they were properly compensated for that time, id. at 3-4. The parties represent that they agree, nonetheless, that the settlements are preferable to the time, expense, and risk of further litigation. Id. at 2.

Regarding the seven Settlement Agreements, one for each Plaintiff, the parties state, "While the language and non-monetary terms . . . are identical, the monetary payments are individualized for each Plaintiff." Id. at 4; see Settlement Agreements. Attached to the Motion, as Exhibit 1, is a composite exhibit listing the total individual settlement amount and attorneys' fee allocation for each Plaintiff. See Motion Ex. 1 (Doc. No. 21-1; "Composite Exhibit"). According to the Composite Exhibit, Plaintiffs Jacquelyn Stewart and Malorie Perdue each receive a settlement amount of $2,000.00, as well as $2,398.50 in attorneys' fees and costs, for a total of $4,398.50 each, id.; see Settlement Agreements at 21-25 (Ms. Stewart), 31-35 (Ms. Perdue); and the remaining Plaintiffs each receive a settlement amount of $700.00, as well as $840.60 in attorneys' fees and costs, for a total of $1,540.60 each, Composite Exhibit;

see Settlement Agreements at 1-5 (Ms. Griffin), 6-9 (Ms. Crews), 11-15 (Ms. Thompson), 16-20 (Ms. Jackson), 26-30 (Ms. Woolridge).

In light of the parties' representations regarding their investigation and exchange of information prior to reaching the settlement, the Court finds that Plaintiffs have not impermissibly waived their statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354. Furthermore, the parties represent that they separately negotiated attorneys' fees and costs, that these amounts "were allocated proportionally among all of the Plaintiffs," and that these amounts are fair and reasonable. Motion at 4. Upon review of the parties' papers and the remainder of the file, the Court finds that the Revised Settlement Agreements, including the award of attorneys' fees and costs, represent "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[3]

In assessing the fairness of the Settlement Agreements, the undersigned notes that they contain release provisions. "Courts typically disfavor general release clauses in FLSA settlement agreements." DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted); see also Bright v. Mental Health Resource Center, Inc., No. 3:10-cv-427-J-37TEM, 2012 WL 868804, *4 (M.D. Fla. Mar. 14, 2012) (unpublished)

---

[3] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness [of such award] is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendant does not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiffs' counsel constitutes a reasonable hourly rate in this or any applicable market.

(stating that "[p]ervasive, overly broad releases have no place in settlements of most FLSA claims") (discussing Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010)).

Here, the Settlement Agreements all contain the following provision:

> Plaintiff and her heirs and assigns, in consideration of this Agreement and the sums paid by Defendant, the receipt and sufficiency of which is hereby acknowledged, release, discharge and covenant not to sue the Released Parties with respect to any and all claims, demands, lawsuits, obligations, promises, administrative actions and causes of action, both known and unknown, in law or in equity, of any kind whatsoever, which Plaintiff ever had, now has, or may have against the Released Parties, <u>for, upon or by reason of any allegation of unpaid wages or other violation of the FLSA or comparable state law, arising out of Plaintiff's employment with Defendant, pursuant to the FLSA or comparable state law</u>.  Plaintiff represents that she has not and will not assign her interest in any of her asserted claims or any unasserted claims against Released Parties to anyone.  Said release is intended to cover and release to the fullest extent legally possible, all disputes for unpaid wages by Plaintiff against the Released Parties.

Settlement Agreements at 3-4, 7-8, 13-14, 18-19, 23-24, 28-29, 33-34 (emphasis added). Because these release provisions are limited in scope to unpaid-wage and FLSA claims, they are distinguishable from those disfavored by courts, for they "allay any concern that Plaintiffs may be giving up an unknown, but valuable, claim that is completely unrelated to the FLSA claim, and which 'confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.'" Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla. Mar. 1, 2013) (unpublished) (quoting Moreno, 729 F. Supp. 2d at 1351); see also Heath v. Hard Rock Café Int'l, Inc., No. 6:10–cv–344–Orl–28KRS, 2011 WL 5877506 at *4 (M.D. Fla. Oct. 28, 2011). Accordingly, undersigned finds that the release provisions here do not undermine the fairness or reasonableness of the Settlement Agreements.

After due consideration, it is

**RECOMMENDED**:

1. That the Joint Motion for Approval of Settlement and Request for Dismissal with Prejudice (Doc. No. 21) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' Settlement Agreements attached to the Motion.[4]

2. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 5, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[4] This recommendation is not intended to suggest that the Court enter judgment against Defendants. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' Settlement Agreements, because Lynn's Food Stores, 679 F.2d at 1355, instructs that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[] is a fair and reasonable res[o]lution of a bona fide dispute."